## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Tamiko Thomas | ) | Case No. |
| | ) | |
| Plaintiff | ) | **COMPLAINT** |
| | ) | |
| | ) | **Judge:** |
| | ) | |
| | ) | **Magistrate:** |
| v. | ) | July Demand Requested |
| | ) | |
| Essex Mortgage | ) | |
| 2100 SE 17th St. Suite 112 | ) | |
| Ocala, FL 34471 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## **INTRODUCTION**

1. Plaintiff, Tamiko Thomas, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Essex Mortgage (AKA Data Mortgage). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e

3. A Debt Collector who violates the Bankruptcy Automatic Stay Order (11 U.S.C. Section 362), by trying to collect on a debt in a active Bankruptcy, also violates the FDCPA under 15 U.S.C. Section 1692e and 1692f. *Randolph v. Imbs, Inc.*, 368 F.3d 726, (7th Cir. 2004)

4. A Debt Collector violates the FDCPA under 15 U.S.C. Section 1692c(a)(2) if it contacts a Consumer directly despite actual knowledge

that the Consumer has an Attorney for the particular matter.
5. A party is a Debt Collector if they receive the debt while the debt is in Default.
6. To recover on a claim under the Illinois Consumer Fraud Act, a plaintiff must plead and prove that the defendant committed a deceptive or unfair act with the intent that others rely on the deception, that the act occurred in the course of trade or commerce, and that it caused actual damages. *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934–35 (7th Cir. 2010). *Vanzant v. Hill's Pet Nutrition, Inc*., 934 F.3d 730 (7th Cir. 2019)

## JURISDICTION AND VENUE

7. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
8. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

9. Plaintiff, Tamiko Thomas (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
10. Plaintiff is a resident of the State of Illinois.
11. Defendant, Essex Mortgage ("Defendant"), is a Florida business entity with an address of 2100 SE 17th St. Suite 112, Ocala, FL 55439, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
12. Unless otherwise stated herein, the term "Defendant" shall refer to Essex Mortgage.
13. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## STANDING

14. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
15. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
16. By contacting the Plaintiff, through email, even though it was aware the Plaintiff had an Attorney for this matter, it created a nuisance and invaded Plaintiff's privacy.
17. By refusing to abide by the Automatic Stay under 11 U.S.C. Section 362, it put Plaintiff in a risk of harm with Plaintiff believing that she would be subject to continued collection activities despite the Bankruptcy relief.
18. Moreover, Plaintiff is alleging that Defendant falsely reported an eliminated debt to at least one of Plaintiff's credit bureaus.

## **ALLEGATIONS**

19. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $10,251 in the form of a junior mortgage (the "Debt") to an original creditor (the "Creditor")
20. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
21. Moreover, Plaintiff was in Default with the original Creditor when it was transferred, purchased or assigned to Defendant.
22. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
23. On April 4, 2022, Plaintiff filed for Chapter 13 Bankruptcy. See Exhibit A.
24. Defendant received actual notice of Plaintiff's Bankruptcy. See Exhibit A.

25. As part of this Bankruptcy, Defendant's second mortgage is eliminated and it makes this clear in the Confirmed Chapter 13 Plan. See Exhibit B.
26. Again, Defendant received notice of this Plan eliminating its interest. See Exhibit B.
27. On June 6, 2022, Plaintiff's Chapter 13 Plan was Confirmed. See Exhibit C.
28. Defendant made not Objection to Confirmation of this Plan at all.
29. Since then, Defendant has begun a collection campaign against Plaintiff, including phone calls, billing statements and reporting to her credit bureaus. See Exhibit D.
30. Specifically, Defendant received specific notice of the Bankruptcy protection under the Automatic Stay and the fact that Plaintiff was retained by an Attorney for this matter. See Exhibit A.
31. As noted above, Defendant sought to collect on a debt covered by the Bankruptcy Automatic Stay, while it had actual knowledge that Plaintiff was in Bankruptcy and represented by an Attorney.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
33. The Defendants' conduct violated 15 U.S.C. Section 1692e in that the Defendant materially misled Plaintiff through this communication regarding the legal status of this debt.
34. The Defendant's conduct violated 15 U.S.C. Section 1692c(a)(2) by contacting Plaintiff directly even though it was well aware that Plaintiff had an Attorney for this matter.
35. The Defendant's conduct violated 15 U.S.C. Section 1692e(8) by falsely reporting to at least one of Plaintiff's credit bureaus that Plaintiff was in default of this debt.
36. Plaintiff is entitled to damages as a result of Defendant's violations.

## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

37. Defendant made false statements to Plaintiff, specifically that she was in Default for a loan that was eliminated by the Bankruptcy Chapter 13 Plan.
38. These statements were made through a collection phone call and billing statement.
39. These statements were made with the intent of inducing payment by Plaintiff.
40. Plaintiff was damaged by these false statements because they affected her credit score, dropping it approximately 80 points.

## JURY DEMAND

41. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

42. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

    Respectfully submitted,
/s/ John Carlin
  John P. Carlin #6277222
  Suburban Legal Group, LLP
  1305 Remington Rd., Ste. C
  Schaumburg, IL 60173
  jcarlin@suburbanlegalgroup.com
  Attorney for Plaintiff